UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:07-CV-657-H

WALTER DIXON                                                                                          PETITIONER

v.

NANCY DOOM, WARDEN                                                                         RESPONDENT

## MEMORANDUM OPINION

This matter is before the Court for preliminary review of Walter Dixon's *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254.  *See* Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. following § 2254.  The Court concludes the petition plainly lacks merit and should be dismissed *sua sponte*.

### I.

During the course of a jury trial in Jefferson Circuit Court, Petitioner entered a guilty plea and received an enhanced sentence of twenty-five years' imprisonment for first degree robbery and being a persistent felony offender, second degree.  Petitioner entered the plea after the jury reached a guilty verdict on the robbery charge but before the sentencing phase, during which the jury could have fixed a term in the range of twenty years to life.  By entering the change of plea, Petitioner waived not only the right to be sentenced by a jury but also the right to file a direct appeal.  *Dixon v. Commonwealth*, 2006 WL 3456693 (Ky. App. Dec. 1, 2006).

In due course, Petitioner pursued post-conviction relief under Rule 11.42 of the Kentucky Rules of Criminal Procedure ("CR 11.42").  The trial court denied the motion without an evidentiary hearing, and the Court of Appeals of Kentucky affirmed.  The Supreme Court of Kentucky denied discretionary review.  This petition timely ensued.  Petitioner alleges he has

presented all grounds raised in this petition to the highest state court.

**II.**

Petitioner seeks the writ on four grounds, all of which plainly lack merit. First, Petitioner argues the state court erred when it failed to grant him an evidentiary hearing under CR 11.42. However, violations of state law fail to state claim upon which habeas corpus relief may be granted. *Kirby v. Dutton*, 794 F.2d 245, 247 (6th Cir. 1986).

Second, Petitioner contends the prosecutor repeatedly exaggerated the victim's injuries during the course of the trial. Petitioner argues this constituted prosecutorial misconduct which was so pervasive that Petitioner was denied a fair trial. Third, Petitioner argues the evidence was insufficient to support a conviction because of facts the defense offered to impeach the victim's identification of the perpetrator. The state court declined to address the merits of both grounds on the basis of state law, which limits consideration of such issues to review on direct appeal. *See Baze v. Commonwealth*, 23 S.W.3d 619 (Ky. 2000). The appellate court held that because Petitioner waived the right to appeal by entering a guilty plea, he was foreclosed from asserting these claims in the collateral proceedings under CR 11.42.

The result is the same on federal habeas review. As a general rule, if a petitioner is barred from presenting a claim to the state court because of a procedural default, the petitioner has waived those claims for purposes of federal habeas corpus review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Rust v. Zent*, 17 F.3d 155, 160-61 (6th Cir. 1994). Because Petitioner's conviction rests on a guilty plea, which the appellate court held was knowingly and voluntarily entered based on the trial record quoted in the appellate opinion, Petitioner cannot show cause and prejudice to excuse

the procedural default. Federal habeas review is therefore not available for grounds three and four.

The same reasoning applies to the fourth ground in the petition, ineffective assistance of counsel. This claim requires a claimant to demonstrate that counsel's performance was deficient and that the deficiency prejudiced the defense to such a degree that one must conclude the trial result is unreliable or unfair. *Strickland v. Washington*, 466 U.S. 668 (1984); *Wiggins v. Smith*, 539 U.S. 510 (2003); *Bigelow v. Williams*, 367 F.3d 562, 570 (6th Cir. 2004). Federal habeas review of such a claim hinges on whether the state court's ruling was an unreasonable application of *Strickland*. *Wiggins v. Smith*, 539 U.S. 510 (2003); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002).

Petitioner argues his counsel was ineffective in two respects. Petitioner contends his counsel mislead him about his ability to appeal. Again, the appellate court held that the colloquy on the record between the trial judge and Petitioner did not support the claim that Petitioner unknowingly waived the right to an appeal. Petitioner also contends his counsel failed to investigate whether the victim's blood was on the brick used in the assault and whether Petitioner's fingerprints were on the victim's cell phone. The appellate court determined that counsel's decisions not to pursue these issues constituted reasonable trial strategy and allowed the defense to argue no physical evidence tied Petitioner to the crime. Petitioner cannot show he was actually prejudiced as a result of these alleged deficiencies in counsel's performance. The court concludes the state court reasonably applied *Strickland*.

## III.

The court concludes the petition plainly lacks merit and should be dismissed *sua sponte* for the petition's failure to satisfy the conditions for habeas relief set forth in § 2254(d). The court will enter a separate order.

## CERTIFICATE OF APPEALABILITY

The court further concludes the petition does not warrant further review and will deny a certificate of appealability, 28 U.S.C. § 2253(c)(2). The court may issue a certificate of appealability only if a petitioner "has made a substantial showing of the denial of a constitutional right." *Id*. Under this standard, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of his claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court is persuaded that reasonable jurists would not find debatable or wrong the assessment that the petition plainly lacks merit.

DATE:

cc: Respondent
       Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals,
           1024 Capital Center Drive, Frankfort, KY 40601
       Petitioner, *pro se*

4412.007